FILED & JUDGMENT ENTERED
Steven T. Salata

April 26 2023

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **KAI ANE JERRELL**, | ) | Chapter 13 |
| | ) | Case No. 21-30680 |
| Debtor. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR RELIEF FROM ORDER

**THIS MATTER** is before the court on the Motion for Relief from Order ("Motion") filed by the Debtor's attorney, Heather W. Culp ("Culp"), on January 27, 2023. The Motion asks the court to reconsider the portion of its January 13, 2023 Order Granting Second Interim Application of Debtor's Attorney for Allowance of Compensation and Reimbursement of Expenses for the Period April 1, 2022 through October 31, 2022 ("Order") that disallows $198 of Culp's request for attorney's fees and costs totaling $6035.28 in her December 1, 2022 Second Interim Application of Debtor's Attorney for Allowance of Compensation and Reimbursement of Expenses for the Period April 1, 2022 through October 31, 2022 ("Second Fee Application"). The court held a hearing on the Motion on February 21, 2023, and Culp and the Chapter 13 Trustee appeared at the hearing.

The Order disallows the portion of Culp's Second Fee Application associated with a different attorney from Culp's firm appearing at a hearing on May 24, 2022 on Culp's prior fee application pursuant to the Supreme Court's decision in Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121 (2015).  As noted in the Order, "[b]ankruptcy professionals entitled to compensation from a debtor's bankruptcy estate have no statutory right under the Bankruptcy Code to compensation for time spent defending against challenges to fee applications because fee-defense litigation is not an 'actual, necessary service' to the estate."  Order at ¶ 12 (citing Baker Botts, 576 U.S. at 124).  A professional seeking compensation from a bankruptcy estate has the burden of showing his entitlement to the fees.  In re Rose, 561 B.R. 70, 74 (Bankr. W.D. Mich. 2016) (citing In re Hirsch, 550 B.R. 126, 138 (Bankr. W.D. Mich. 2016)); In re Walker, No. 11-30340, 2013 WL 5676227, at *3 (Bankr. W.D.N.C. Oct. 18, 2013) (quoting In re Courtois, 222 B.R. 491, 495 (Bankr. D. Md. 1998)).

The Motion notes that it is timely filed pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(1) and (6) but, other than timeliness, does not offer any basis for reconsidering the Order pursuant to those rules.  Instead, the Motion argues that Culp's associate did not appear at the May 24 hearing to defend or litigate a fee application because there was no opposition to the Second Fee Application, the appearance could not be avoided because the hearing was noticed, and Baker Botts does not apply to Chapter 13 cases.  For her argument that Baker Botts does not apply to Chapter 13 cases, Culp attempts to distinguish the Chapter 11 fee standard pursuant to 11

2

U.S.C. § 330(a)(1)(A) and (a)(4)(A) of benefit to a *debtor's estate* from § 330(a)(4)(B), which applies to Chapter 13 debtor's attorneys and looks at the benefit of services to the *debtor*. Culp does not cite any cases (other than Baker Botts) to support her arguments.

The Trustee did not file a response to the Motion. At the February 21 hearing, she said she only found one Chapter 13 case applying Baker Botts and it did so without explaining why the Supreme Court opinion applied in the Chapter 13 context. Other than the one case, the Trustee only found Chapter 11 cases invoking Baker Botts, and she believed the distinction between benefit to the estate and benefit to the debtor raised a question of whether Baker Botts applied in Chapter 13 cases.

Each of Culp's arguments makes a distinction that does not make a difference in the ultimate analysis. With respect to Culp's first argument—that the May 24 appearance was not litigation of a fee application—Culp's associate appeared at the hearing to advocate in favor of the court's approval of her fee application. The time entries attached to the Second Fee Application describe the appearance as "Travel to/from and attend hearing on application for compensation," and there were no other matters in this case on the court's May 24, 2022 calendar. See Baker Botts, 576 U.S. at 131 ("Here, the contested award was tied to the firms' work on the fee-defense litigation and is correctly understood only as compensation for that work."). Nothing in Baker Botts suggests that an attorney can bill a debtor or her estate for appearing at a hearing in support of a fee application as long as no

3

one strongly opposes the application. Similarly, Culp's second argument—that the May 24 appearance was necessary because it was noticed—is unconvincing, in part because she noticed the hearing. The court sees no reason that a hearing set by a professional seeking attorney's fees would be treated differently than a hearing set or triggered by a party in opposition to the fees.[1]

Culp's attempt to distinguish Baker Botts based on the different standards for professional fees in Chapter 11 and Chapter 13 cases does not fare much better. While the Supreme Court discusses the Chapter 11 standard (because Baker Botts was a Chapter 11 case), it did not rely on anything inherent to Chapter 11 in denying approval of the requested fees. Instead, the Supreme Court applied the familiar "American Rule" for fee shifting in the context of the fees of bankruptcy professionals. Baker Botts, 576 U.S. at 126–128 ("Congress did not expressly depart from the American Rule to permit compensation for fee-defense litigation by professionals hired to assist trustees in bankruptcy proceedings."). The American Rule provides that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Id. at 126 (citing Hardt v. Reliance

---

[1] Culp argues that she only noticed her first fee application for hearing because she was aware of the Trustee's policy of responding to (and thus requiring hearings on) fee applications in excess of $1000 filed by debtor's attorneys. The court accepts her contention, but it is another distinction without a difference. As further explained below, Baker Botts says bankruptcy professionals cannot receive compensation for defending fee applications in court, and the identity of the party that causes such a hearing is irrelevant. Cf. In re Morreale, No. 13-27310, 2019 WL 3385163, at *9 (Bankr. D. Colo. July 3, 2019) ("It is true that the law firms in [Baker Botts] were litigating fee objections asserted by the Reorganized ASARCO and not some other party in interest. But that is of almost no moment. The [Baker Botts] holding is not limited only to circumstances in which an administrator of a bankruptcy estate itself objects to an attorney fee application. Instead, the ruling is broader."); In re Huepenbecker, 546 B.R. 381, 383 (Bankr. W.D. Mich. 2015) ("The Supreme Court's interpretation of the statute, although reached in the somewhat uncommon posture of a dispute between the estate and its own counsel, applies in the more common situation in which strangers to the attorney-client relationship object to fees, such as the Debtors in this case or unhappy creditors in another.").

4

Standard Life Ins. Co., 560 U.S. 242, 252–253 (2010)).  Baker Botts only allows deviations from the American Rule in the bankruptcy context pursuant to explicit statutory language.[2]  Id. at 129.  The Supreme Court saw the adverse parties between whom Chapter 11 attorney's fees could not be shifted as the debtor's estate's attorney and the debtor's estate, id. ("Time spent litigating a fee application against the administrator of a bankruptcy estate cannot be fairly described as 'labor performed for'—let alone 'disinterested service to'—that administrator."); here, as Culp notes, the adverse parties pursuant to § 330(a)(4)(B) using the Baker Botts framework are the Debtor's attorney and the Debtor.  Nevertheless, the Supreme Court spends the bulk of Baker Botts explaining why fee defense does not benefit a bankruptcy estate, id. at 127–33, and Culp does not explain why the Supreme Court would see her alleged benefit to the Debtor as worthy of compensation (from the Debtor's estate) while the estate's attorney's fee litigation work in Baker Botts was not.  In the context of the American Rule, there is no meaningful difference between the language under consideration in Baker Botts ("reasonable compensation for actual, necessary services rendered," § 330(a)(1)(A)), and the language applicable to Chapter 13 debtor's attorneys ("reasonable compensation . . . based on a consideration of the benefit and necessity of such services," § 330(a)(4)(B)), and section 330(a)(4)(B) even goes on to call attention to "the other factors set forth in

---

[2] Baker Botts mentions but does not discuss the contractual exception to the American Rule.  Some bankruptcy professionals have tried to establish a contractual exception post-Baker Botts.  See, e.g., In re Boomerang Tube, Inc., 548 B.R. 69, 72–75 (D. Del. 2016) (rejecting arguments that Baker Botts does not apply to professionals retained pursuant to § 328 and that retention agreement provides exception to the American Rule).  In re Rose notes that this argument does not work in Chapter 13 cases because a debtor's estate, which is the source of the payment funds (in Rose and this case), is not a party to a contract between the debtor and his attorney.  561 B.R. at 76.

5

this section," which are the same factors that apply to all bankruptcy professional fees. Rose, 561 B.R. at 75 ("The Applicant argues that [Baker Botts] is not applicable because it involved section 330(a)(1), whereas in Chapter 13 cases, section 330(a)(4) is at issue. This court disagrees. In [Baker Botts], the mandate from the Supreme Court was broad." (footnote omitted)); see Baker Botts, 576 U.S. at 130 ("The term 'services' in this provision cannot be read to encompass adversarial fee-defense litigation." (citation omitted)), 131 ("[T]he only way to reach their reading of the statute would be to excise the phrase 'for actual, necessary services rendered' from the statute."). Rather than simply observing the distinction between benefit to a debtor's estate and benefit to a debtor, Culp needs to explain why the American Rule would not apply in the Chapter 13 context, whether due to the distinction or otherwise, in order to distinguish Baker Botts. She does not attempt to do so, and the court does not know any reason that the American Rule would not apply, see Rose, 561 B.R. at 76 ("Section 330(a)(4), like section 330(a)(1), contains no fee shifting provision. As such, there is no statutory exception applicable to the Applicant's request to be compensated and reimbursed for defending its First Application.").

The court does not feel compelled to further analyze the difference in Chapter 11 and Chapter 13 fee standards because this is not the first discussion of Baker Botts outside the Chapter 11 context. In In re Rose, a Chapter 13 case, the Bankruptcy Court for the Western District of Michigan conducts an analysis similar to this court's and reaches the same conclusion. Id. at 75. The Bankruptcy Court

6

for the Southern District of Texas disallowed a portion of a Chapter 13 debtor's attorney's fees pursuant to Baker Botts. In re Standley, No. 14-36711, 2018 WL 1457242, at *2 (Bankr. S.D. Tex. Mar. 21, 2018) ("Counsel fails to describe how defense of his fees is in Standley's interest nor does he point to any statutory authority that explicitly authorizes payment of such fees.  Under [Baker Botts], absent explicit statutory authorization, the American Rule controls payment of attorney's fees.  Thus, Counsel may not recover that portion of his recovery sought for defense of fees." (citations omitted)).  In an adversary proceeding related to a Chapter 13 case, the Bankruptcy Court for the Northern District of Texas broadly (and correctly) concludes based on Baker Botts "that Section 330 cannot serve as the statutory authority for a departure from the American Rule." Frazin v. Haynes & Boone, LLP (In re Frazin), Ch. 13 Case No. 02-32351, Adv. No. 08-3021, 2017 WL 7050632, at *21 (Bankr. N.D. Tex. Dec. 22, 2017).  The application of Baker Botts in the Chapter 13 context has been recognized by at least one court of appeals, see Am.'s Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard), 803 F.3d 1095, 1099 (9th Cir. 2015) (en banc) (acknowledging the American Rule and citing Baker Botts in an adversary proceeding related to a Chapter 13 case), and district court, see City of Phila. v. Walker, No. 15-1685, 2015 WL 7428501, at *3–4 (E.D. Pa. Nov. 23, 2015) (refusing to allow attorney's fees related to a stay violation because the Chapter 13 debtor did not show an injury and Baker Botts prevents award for defending a fee application), in addition to several bankruptcy courts, see, e.g., Trevino v. U.S. Bank Tr., N.A. (In re Trevino), Ch. 13 Case No. 10-70594, Adv. No.

7

13-7031, 2023 WL 1879050, at *27, *29–30 (Bankr. S.D. Tex. Feb. 9, 2023) (Baker Botts does not prevent attorney's fees pursuant to statutes other than § 330); In re Steen, 631 B.R. 704, 712–13 (Bankr. N.D. Tex. 2021) (citing Baker Botts and concluding that the American Rule does not preclude attorney's fees pursuant to § 503); Lopez v. Portfolio Recovery Assocs. (In re Lopez), 576 B.R. 84, 91 (Bankr. S.D. Tex. 2017) (Chapter 13 debtor's attorney cannot get attorney's fees for prosecuting a fee application).

Various courts have also recognized Baker Botts outside of its original Chapter 11 context in Chapter 12,[3] see, e.g., In re Huepenbecker, 546 B.R. 381, 383–84 (Bankr. W.D. Mich. 2015) (Baker Botts applies to Chapter 12 trustee's attorney's fees), and Chapter 7 cases, see, e.g., Mantiply v. Horne (In re Horne), 876 F.3d 1076, 1080–81 (11th Cir. 2017) (distinguishing Baker Botts in the context of stay violation damages); L. Offs. of Mark Kotlarsky, Esq. Pension Plan v. Rosen (In re Silver Spring Fam. Med. Ctr., LLC), 550 B.R. 286, 292–94 (D. Md. 2016) (remanding because the Supreme Court decided Baker Botts after the bankruptcy court below awarded fees for defending a fee application); In re Morreale, No. 13-27310, 2019 WL 3385163, at *1, *8–14 (Bankr. D. Colo. July 3, 2019) (holding that trustee's law firm cannot be compensated for defending its and the trustee's fee applications and rejecting attempts to distinguish Baker Botts); In re Stanton, 559 B.R. 781, 784–87 (Bankr. M.D. Fla. 2016) (distinguishing supplementing a fee application, which is compensable, from defending it); In re Enloe, No. 14-36358,

---

[3] The standard for compensation of Chapter 12 debtor's attorneys is the same as the Chapter 13 standard. 11 U.S.C. § 330(a)(4)(B) ("In a chapter 12 or chapter 13 case . . . .").

8

2016 WL 4595921, at *1 (Bankr. S.D. Tex. Sept. 2, 2016) (noting that the court requested briefing on the application of Baker Botts to a creditor's claim for attorney's fees pursuant to § 503). All of these cases either analyze the question of whether Baker Botts applies in a non-Chapter 11 context and conclude it does or simply assume without analysis that the Supreme Court precedent is not limited to Chapter 11. As far as the court can tell, there is no case that supports Culp's argument that Baker Botts does not apply to Chapter 13 cases.

Culp does not identify a basis for reconsideration or any support in the case law for her various arguments, and the weight of logic and authority is firmly to the contrary. Baker Botts establishes far-reaching guidance that the American Rule applies to fee applications filed by bankruptcy professionals unless a statute specifically directs otherwise, and, as recognized by numerous courts in the years since, that guidance is not limited to the Chapter 11 context in which it arose. Accordingly, the Motion is hereby **DENIED**.

    **SO ORDERED**.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |

9